THE STATE EX REL. NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, OHIO CONFERENCE, ET AL., APPELLANTS, *v.* OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE.

[Cite as *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (2000), 88 Ohio St.3d 577.]

(No. 99–1759—Submitted March 8, 2000—Decided May 31, 2000.)

*Bricker & Eckler, L.L.P., Luther L. Liggett, Jr.* and *Emmett M. Kelly,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Michael D. Allen,* Assistant Attorney General, for appellee.

***Per Curiam.*** Appellants assert that the court of appeals erred in denying the writ and attorney fees because (1) once OBES determines that a construction contractor violated Ohio's prevailing wage law, mandamus is appropriate to compel the imposition and collection of statutory penalties, and (2) when OBES finds evidence that a construction contractor intentionally violated the prevailing wage law, mandamus lies to compel the issuance of a statement of intent and the submission of the names of these contractors to the Secretary of State. In this regard, appellants claim that the scope of our remand was not limited to those

cases in which the OBES Administrator determined within the R.C. 4115.16(B) sixty-day period that an intentional violation of the prevailing wage law had occurred, but instead encompassed other cases, including those mentioned by the court of appeals in its *dicta.*

To the extent that appellants now assert claims that are beyond the limited scope of our *NECA I* remand, *res judicata* precludes our consideration of the merits of appellants' claims. See, *e.g., Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 133, 712 N.E.2d 713, 716. In other words, issues beyond the scope of a previous remand are beyond the scope of review following a return of the case from remand. See *State v. Gillard* (1997), 78 Ohio St.3d 548, 549, 679 N.E.2d 276, 279. Therefore, if appellants wanted to raise these claims or argue that our judgment in *NECA I* was partially erroneous, they should have moved for reconsideration of or appealed our judgment in *NECA I.* By not doing so, they are now barred from raising issues beyond the scope of our remand in this appeal. *Gillard,* 78 Ohio St.3d at 549, 679 N.E.2d at 279.

Further, appellants' citation of our discretionary, plenary authority to consider extraordinary writ cases as if they had been originally filed in this court does not alter our conclusion. The court's plenary authority generally refers to our ability to address the merits of a writ case without the necessity of a remand if the court of appeals erred in some regard. See, *e.g., State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 138, 656 N.E.2d 940, 944; *State ex rel. Cleveland Police Patrolmen's Assn. v. Cleveland* (1999), 84 Ohio St.3d 310, 312, 703 N.E.2d 796, 797. We have not used our plenary authority to contravene legal doctrines like *res judicata.*

Therefore, the sole claim that is properly before the court is appellants' claim for a writ of mandamus in cases where the OBES timely determines that an intentional violation of prevailing wage law has occurred but fails to impose and collect statutory penalty fees and include the violator's name on the list filed with the Secretary of State. *NECA I,* 83 Ohio St.3d at 184–185, 699 N.E.2d at 68–69. As the court of appeals correctly held, the parties stipulated that this fact pattern has not yet occurred, so appellants are not entitled to a writ of mandamus or an award of attorney fees.

Based on the foregoing, because the only potential circumstances specified in our *NECA I* remand that would entitle appellants to extraordinary relief in mandamus have not occurred, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment.