OPINION
Plaintiff-appellant, Leslie Pasco, appeals from the October 26, 2000 judgment entry of the Franklin County Court of Common Pleas on remand from this court's prior decision in Pasco v. State Auto. Mutl. Ins. Co. (Dec. 21, 1999), Franklin App. No. 99AP-430, unreported (hereinafter referred to as "Pasco I"). For the following reasons, we affirm in part and reverse in part.
As more fully detailed in this court's opinion in Pasco, this matter arises out of prior litigation between appellant and appellee's insured, BB Marine Sales and Service ("BB Marine"), in Ottawa County, Ohio. In the Ottawa County litigation, appellant sued BB Marine alleging damages to her boat and raising, inter alia, claims of negligence and violations of Ohio's Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 et seq. Pursuant to the terms of various business and commercial liability policies, appellee defended BB Marine in the underlying lawsuit reserving its rights to deny coverage for damages awarded for violations of the CSPA.
In the Ottawa County litigation, the trial court generally found in favor of BB Marine on most of appellant's claims but also found certain technical violations of the CSPA. The trial court awarded appellant $1,800 in statutory damages ($200 per violation) under the CSPA, $10,000 in attorney fees, $2,588.60 in expenses, and $960 in prejudgment interest. Pursuant to the judgment entry, the attorney fees and expenses were assessed as costs, to be paid directly to appellant. Ultimately, appellant and BB Marine settled the underlying Ottawa County litigation and, in so doing, BB Marine assigned to appellant any claims it may have against appellee arising out of the Ottawa County litigation.
On August 30, 1996, appellant, as assignee of BB Marine's claims, filed suit in the Franklin County Court of Common Pleas against appellee. Appellant sought a declaration that, under the insurance policies at issue, appellee was obligated to pay the statutory damages awarded and attorney fees assessed as costs in connection with the violations of the CSPA found in the underlying litigation. Appellant also raised claims for bad-faith refusal to pay and/or settle and for bad-faith failure to investigate and process the CSPA claims.
On August 18, 1997, the trial court issued a decision granting appellee summary judgment on most of appellant's claims. Relevant here, the trial court made several rulings. First, the trial court ruled that the CSPA statutory damages were not covered under the clear and unambiguous language of the insurance policies. Second, the trial court ruled that the attorney fees assessed as costs were not recoverable because only those costs associated with covered claims were recoverable under the language of the policies. Finally, the trial court ruled that appellant's bad-faith claims could not be maintained since an insurer has no obligation to pay or settle a claim for which the policy does not provide coverage.
On appeal in Pasco I, appellant challenged the trial court's summary judgment decision, and this court affirmed in part and reversed in part. Specifically, this court upheld the trial court's holding that the CSPA statutory damages were not covered as a matter of law under the insurance policies at issue here. This court also affirmed the trial court's disposition of appellant's bad-faith claims, holding that appellant's failure to prove coverage for the CSPA claims under the insurance policies precluded such claims. Finally, this court reversed the trial court's disposition of appellant's claim that appellee was required to pay the attorney fees taxed as costs in the Ottawa County litigation under the terms of the policy, finding that such costs were covered by the "supplementary payments" provision of the primary liability policy. The case was remanded for further proceedings. Appellant filed a discretionary appeal with the Ohio Supreme Court, which appeal was not allowed. See Pasco v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 1487.
On remand, appellant contended that this court's finding of coverage for the attorney fees taxed as costs in the Ottawa County litigation as a matter of law implicitly included a remand of a bad-faith claim premised upon appellee's failure to settle and/or pay such costs. By written decision rendered September 27, 2000, the trial court ruled that the sole issue on remand was the amount of attorney fees assessed as costs in the Ottawa County litigation. Thereafter, the parties stipulated that the costs assessed in the Ottawa County litigation plus interest equaled $22,673.17. On December 5, 2000, the trial court entered judgment for plaintiff in that amount.
It is from this judgment entry that appellant appeals, raising the following three assignments of error:
ASSIGNMENT OF ERROR NO. 1
 The trial court erred by limiting the scope of remand mandated by this court in an opinion and judgment arising out of a previous appeal in this action.
ASSIGNMENT OF ERROR NO. 2
 The trial court erred by prohibiting appellant from presenting to a trier of fact on remand evidence of attorneys fees incurred in this action, as common law damages for breach of contract under Count II of the complaint.
ASSIGNMENT OF ERROR NO. 3
 The trial court abused its discretion by failing to consider appellant's request for attorney's fees incurred in this action, as costs under Counts I and II of the complaint.
In her first assignment of error, appellant contends that the trial court improperly applied the law of the case doctrine to preclude her from maintaining a bad-faith claim based upon appellee's failure to settle and/or pay the attorney fees assessed as costs in the Ottawa County litigation. Appellant notes that the trial court's sole basis for granting summary judgment on all of appellant's bad-faith claims was its conclusion that there was no insurance coverage for the CSPA damages awarded or the costs assessed in the Ottawa County litigation. Given this court's determination in Pasco I that the costs (including the attorney fees assessed as costs) were covered as a matter of law under the applicable policy provisions, appellant contends that the legal basis for the trial court's summary judgment on her bad-faith claim as to the payment of costs was likewise overruled. As such, according to appellant, the merits of her bad-faith claim as to payment of such costs, i.e., whether appellee's refusal to pay the costs was reasonably justified in fact and law, became ripe for consideration on remand.
We find, however, that appellant's analysis does not govern the outcome of this case because in Pasco I, this court affirmed the trial court's disposition of appellant's bad-faith claims on summary judgment in toto. In Pasco I, this court's discussion of appellant's first assignment of error (the assignment of error specifically challenging the trial court's summary judgment decision) was divided into three separate sections. Section 1 addressed whether the CSPA statutory damages awarded in the underlying Ottawa County litigation were covered under the applicable policies. Section 2 addressed whether the attorney fees assessed as costs were covered, and Section 3 separately addressed appellant's bad-faith claims. Only in Section 2 did we find that the trial court erred, specifically finding that the trial court erred in granting summary judgment for appellee on appellant's claim for payment of the costs assessed in the underlying Ottawa County litigation. Significantly, however, we found no error in our discussion of appellant's bad-faith claims in Section 3. In fact, we specifically concluded that section by specifically stating that appellant could show no prejudice in the trial court's disposition of "appellant's bad-faith claims." (Pasco I at 19.) As such, nothing in the text of Pasco I indicates that any bad-faith claim was revived through the original appeal.
Moreover, it was not clear in Pasco I that appellant asserted a separate bad-faith claim based solely on appellant's refusal to pay the costs (including attorney fees) assessed in the Ottawa County litigation. Appellant's complaint did not separately state such a claim, and a review of her forty-seven page initial brief indicates that only one sentence suggests that reversal on either coverage issue would likewise warrant a reversal on the bad-faith failure to settle claim. More to the point, to the extent appellant made such an argument in Pasco I, this court clearly failed to address any such distinction. Appellant, therefore, should have moved for reconsideration to clarify, and possibly rectify, the apparent contradiction between our resolution of appellant's contract claim and her bad-faith claim premised upon the same coverage determination. See State ex rel. Natl. Elect. Constr. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv. (2000), 88 Ohio St.3d 577, 579
(noting that appellant should have moved for reconsideration of the original decision to the extent the appellant thought the rationale underlying that decision allowed prosecution of claims beyond those specifically remanded). Given appellant's failure to do so, appellant's efforts to resurrect a bad-faith claim below were properly denied. See id. Appellant's first assignment of error is not well-taken and is overruled.
In her second assignment of error, appellant contends that the trial court erred in precluding appellant from presenting evidence of attorney fees incurred in the prosecution of the instant action as common law damages for breach of contract. In her third assignment of error, appellant contends that the trial court erred in failing to consider awarding attorney fees incurred in the prosecution of the instant action as costs. The basis for both assertions is appellant's ultimate success in her contract claim for payment of the costs (including attorney fees) assessed as costs in the Ottawa County litigation.
Appellee contends that appellant failed to properly seek such fees on remand and, even if she had, there was no basis to award them. We find, however, that appellant's entitlement to such fees was sufficiently placed before the trial court and that the trial court should consider, in the first place, the merits of appellant's arguments.
In so holding, we note that appellant did seek such fees in her complaint. Further, while her motions and memorandum on remand were not a paragon of clarity on the issue, her entitlement to attorney fees as an element of damages or costs was placed before the trial court. Specifically, appellant contended that she was entitled to a jury trial on all damages and costs related to appellant's breach of contract claim based upon appellee's failure to pay the costs assessed in the Ottawa County litigation. Appellant further argued that she contemplated presenting expert testimony (including as to the amount and reasonableness of her attorney fees and expenses incurred in the instant action), and that, until further clarification from the trial court as to the scope of the damages hearing, a continuance was needed. Moreover, the trial court's repeated statements in its September 27, 2000 written decision that the sole issue on remand was the amount of attorney fees assessed as costs in the Ottawa County litigation, it is understandable that appellant would conclude that the decision precluded any request for attorney fees incurred in the prosecution of this action as an element of damages or costs.
Given the apparent and understandable confusion in the record as to what was and was not still at issue after the trial court's September 27, 2000 written decision, we remand the matter for the trial court's initial consideration of the issue. Specifically, on remand, the trial court should determine whether attorney fees incurred in the prosecution of appellant's successful claim should be awarded as an element of damages or as costs and, if so, how much. To this limited extent, appellant's second and third assignments of error are sustained.
For the foregoing reasons, appellant's first assignment of error is overruled and appellant's second and third assignments of error are sustained to the extent discussed above. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings.
 ___________________ LAZARUS, J.
BOWMAN and KENNEDY, JJ., concur.