DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Mark Rezack, appeals from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that overruled his objections to a magistrate's decision and independently entered judgment in a divorce action. We affirm.
 {¶ 2} On June 16, 1999, Appellant filed a complaint for divorce, alleging that he and Debra Rezack had entered into a common law marriage in 1979 and that he had numerous grounds for divorce. The matter proceeded to trial before a magistrate. On April 21, 2000, the magistrate entered a decision that granted the couple a divorce, divided their marital property, and ordered Appellant to pay spousal support to Debra. The trial court adopted the magistrate's decision, pending the filing of timely objections. Neither party filed timely objections to the magistrate's decision.
 {¶ 3} On September 21, 2001, Appellant filed a motion to vacate judgment pursuant to Civ.R. 60(B). He alleged, with a supporting affidavit, that his former counsel had died on April 14, 2000, before the magistrate issued his decision. Appellant further alleged that, as a result of his counsel's death, he had never received notice of the magistrate's or trial court's decisions. He maintained that he had meritorious objections to the magistrate's decision, implying that he would have raised them if he had been given an opportunity to do so. The trial court denied his Civ.R. 60(B) motion without a hearing.
 {¶ 4} On appeal, this Court found that the trial court had abused its discretion by denying Appellant's motion to vacate without first holding a hearing, and reversed and remanded the trial court's decision. See Rezack v. Rezack, 9th Dist. No. 20874, 2002-Ohio-3989.
 {¶ 5} On January 10, 2005, the trial court held a hearing on the Civ.R. 60(B) motion. The trial court found that, due to the death of his former counsel, Appellant had not received timely notice of the magistrate's decision and, as a result, had been deprived of the opportunity to file objections. The trial court granted him leave to file objections to the magistrate's April 2000 decision.
 {¶ 6} Appellant filed objections and supported them with a transcript of the hearing before the magistrate. Debra Rezack filed a brief in opposition. After considering each objection, the trial court overruled the objections and independently entered judgment granting the parties a divorce, dividing their property, and ordering Appellant to pay spousal support to Debra. Appellant appeals and raises four assignments of error.
 ASSIGNMENT OF ERROR I
"Trial court erred in not rendering a decision on the 60(B) motion remanded for review."
 {¶ 7} Through his first assignment of error, Appellant contends that the trial court erred in failing to follow this Court's mandate on remand. This Court had reversed and remanded the case back to the trial court to hold a hearing on Appellant's Civ.R. 60(B) motion. On January 10, 2005, the trial court did hold a hearing on the motion, after which it determined that, due to the death of his prior counsel, Appellant had not received timely notice of the magistrate's decision. Because he had alleged in his 60(B) motion and at the hearing that he had challenges to the magistrate's factual findings and legal conclusions, the trial court granted him leave to file objections.
 {¶ 8} Although Appellant suggests that he was entitled to start the whole case over and have a new hearing on the issues, no such relief was requested, nor would it have been warranted by the death of his prior counsel, after the hearing. Appellant's 60(B) motion had not alleged that his counsel had been impaired by health problems at the time of the hearing or that he had otherwise received inadequate legal representation prior to his counsel's death.
 {¶ 9} Appellant had moved for relief from judgment with a supporting affidavit that stated that "[t]here are grievous errors in the Magistrate's Decision which would have been addressed by timely objection and timely appeal." Appellant then enumerated some of the objections he would have raised, had he been given the opportunity. By allowing Appellant to file objections, the trial court corrected any prejudice to Appellant that resulted from the untimely death of his former counsel. We find no abuse of discretion by the trial court in ruling on Appellant's Civ.R. 60(B) motion. The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"Trial court erred in denying plaintiff-appellant's motion to dismiss."
 {¶ 10} Following the remand by this Court, Appellant moved to dismiss the complaint. This Court had remanded the matter to the trial court for a hearing on the Civ.R. 60(B) motion. The case had been decided and the matter was reopened only for objections to the magistrate's decision, not to re-litigate the entire divorce case. Appellant's motion to dismiss the case was well beyond the scope of the remand and "issues beyond the scope of a previous remand are beyond the scope of review following a return of the case from remand." State ex rel. National Elec. Contrs.Ass'n v. Ohio Bureau Emp. Servs. (2000), 88 Ohio St.3d 577, 579, citing State v. Gillard (1997), 78 Ohio St.3d 548, 549. The second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"Trial court erred in not conducting a proper independent review of the magistrate's decision."
 ASSIGNMENT OF ERROR IV
"Trial court erred in finding a common law marriage existed."
 {¶ 11} Appellant's third and fourth assignments of error will be addressed together as they are closely related.
 {¶ 12} Through his third assignment of error, Appellant contends that the trial court failed to conduct a thorough, independent review of the magistrate's decision. He does not contend that the trial court erred in overruling his objections, but focuses on the trial court's "duty to independently evaluate the record" before adopting the magistrate's decision. Appellant relies on case law from the early to middle 1990s, construing a prior version of Civ.R. 53, which required the trial court to conduct an independent review of the magistrate's decision, even if no objections were filed.
 {¶ 13} Since the 1995 amendments to Civ.R. 53, the trial court is no longer required to conduct an independent review of the magistrate's decision prior to adopting it. Prior to 1995, Civ.R. 53(E)(5) provided that the referee's report must include sufficient findings of fact to allow the court to conduct an independent review and that, even if no objections are filed, "the court shall determine whether there is any error of law or other defect on the face of the referee's report[.]" This change in the rule is evidenced by the absence of such language in later versions of the rule.
 {¶ 14} The change in Civ.R. 53(E) is also apparent from the relevant Staff Notes following the text of the rule, which explain this amendment to Civ.R. 53:
"Division (E)(4) prescribes the procedure to be followed by the court with respect to a magistrate's decision. Proposed decisions are effective only when adopted by the court. However, a magistrate's decision to which no objection is made may be adopted unless there is apparent error; the judge is no longer required to conduct an independent review and make a determination himself or herself."
 {¶ 15} Thus, a magistrate's decision is subject to review by the trial court only insofar as the parties file written objections pursuant to Civ.R. 53(E). As Appellant's third assignment of error does not pertain to any of his objections but is instead based on an older version of Civ.R. 53, it is without merit.
 {¶ 16} Likewise, Appellant's final assignment of error fails to assign error to the trial court's ruling on his objections. Through his fourth assignment of error, Appellant contends that the trial court erred in finding that a common law marriage existed. The trial court made no such factual finding, however. Instead, it reviewed Appellant's objection to the magistrate's factual finding that a common law marriage existed between the parties. Appellant should have alleged, with supporting argument, that the trial court erred in overruling his objection to the magistrate's decision, but he has failed to do so.
 {¶ 17} Appellant fails to make any sort of an argument on appeal as to why the trial court erred in failing to sustain his objection to the magistrate's finding that a common law marriage existed. He does not reiterate his objection or otherwise cite to the evidence presented at the hearing before the magistrate. Instead, he merely quotes a sentence from the trial court's order and contends that the trial court placed too much emphasis on one piece of evidence at the hearing. It is apparent from the trial court's decision, however, that it considered more than one piece of evidence on this issue. As Appellant has failed to demonstrate any error by the trial court in overruling his objections, his third and fourth assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Boyle, J. Concur.