OPINION *Page 2 
{¶ 1} Defendant-appellant Kenneth Massie appeals his conviction and sentence in the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 4, 2005, at approximately 9:57 p.m., Appellant committed an aggravated robbery of Mick's Flicks located in Mansfield, Ohio. Appellant brandished a gun demanding the cash box and key. Appellant then grabbed the cash register drawer, stating "I'm leaving prints, I don't give a fuck, all I want to do is buy some dope." As he left the store, Appellant pushed the gun into his belt, accidentally discharging it into his own hip. A .22 caliber lead slug was later recovered from the Mick's Flicks parking lot. DNA testing matched blood from the slug to that of the Appellant.
 {¶ 3} On April 5, 2005, Appellant committed a second robbery of a bank in Perrysville, Ashland County, Ohio. Following an extended chase, Ashland County Sheriff's Officers arrested Appellant. At the time he was apprehended, Appellant had four bullets in his gun, stating three were for the police officers chasing him and one was for himself. The Ashland County Sheriff's Office notified Richland County of the arrest.
 {¶ 4} Appellant entered a plea of guilty to aggravated robbery in the Ashland County Court of Common Pleas, and was incarcerated in the Ohio prison system on June 27, 2005. Prior to entering that guilty plea, on April 7, 2005, while being detained in the Ashland County Jail, Appellant was served with a warrant and complaint pertaining to the aggravated robbery charge in Richland County. The Richland County Grand Jury indicted Appellant on aggravated robbery, with a gun specification; burglary, *Page 3 
with a gun specification; grand theft robbery, with a gun specification; and three counts of having a weapon while under disability.
 {¶ 5} The indictment was not served on Appellant until he was arraigned on the Richland County charge on September 13, 2005. At the arraignment, Appellant entered a plea of not guilty to the charges.
 {¶ 6} The trial court scheduled a trial in this matter for January 23, 2006. However, the trial was continued on the motion of Appellant's counsel, and rescheduled for March 20, 2006. The trial on March 20, 2006 was continued until May 22, 2006. Again, the trial was continued until June 26, 2006, and then again until July 17, 2006. The July 17, 2006 trial was continued until August 28, 2006, and then until October 9, 2006.
 {¶ 7} Appellant filed a motion to dismiss on speedy trial grounds. The trial court denied the motion.
 {¶ 8} Appellant subsequently entered a plea of no contest to the charges alleged in the indictment. On November 21, 2006, the trial court sentenced Appellant to five years imprisonment on the aggravated robbery charge, and one year each on the remaining five counts, to be served concurrently. The trial court also sentenced Appellant to three years on one count of the firearm specifications, to be served consecutive to the other sentences.
 {¶ 9} Appellant initially filed a pro se appeal to this Court assigning as error:
 {¶ 10} "I. THE STATE FAILED TO BRING THE DEFENDANT-APPELLANT TO TRIAL WITHIN 270 DAYS AS REQUIRED BY O.R.C. 2945.71, THEREBY VIOLATING *Page 4 
DEFENDANT'S RIGHTS TO A SPEEDY TRIAL PURSUANT TO THE OHIO CONSTITUTION AND THE U.S. CONSTITUTION."
 {¶ 11} Appellant's appellate counsel then filed a brief asserting the following supplemental assignments of error:
 {¶ 12} "I. THE TRIAL COURT FAILED TO COMPLY WITH OHIO REV. CODE §2929.12, COMMITTED PREJUDICIAL ERROR, AND DENIED APPELLANT DUE PROCESS OF LAW BY IMPOSING A SENTENCE BASED UPON THE MISTAKEN BELIEF THAT APPELLANT HAD THREATENED TO KILL THE STORE CLERK AT THE TIME OF THE ROBBERY.
 {¶ 13} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT DUE PROCESS OF LAW BY FAILING TO RE-REFER APPELLANT FOR A PSYCHIATRIC EXAMINATION OR, IN THE ALTERNATIVE, A REASONABLE PERIOD OF PSYCHIATRIC OBSERVATION PRIOR TO SENTENCING WHERE THE TRIAL COURT WAS INFORMED THAT APPELLANT SUFFERS FROM A BIPOLAR DISORDER; THAT APPELLANT HAD BEEN DEPRIVED OF PRESCRIPTION MEDICATIONS FOR THAT CONDITION WHILE INCARCERATED IN THE COUNTY JAIL; AND THAT THE FAILURE TO PROVIDE APPELLANT WITH HIS MEDICATIONS CONTRIBUTED TO HIS REFUSAL TO COOPERATE WITH THE INITIAL REFERRAL MADE BY THE COURT, PURSUANT TO OHIO REV. CODE § 2947.06(B).
 {¶ 14} "III. APPELLANT WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 15} "IV. MISCONDUCT OF THE PROSECUTING ATTORNEY AT APPELLANT'S SENTENCING DENIED APPELLANT DUE PROCESS OF THE LAW." *Page 5 
 I. {¶ 16} In the first assignment of error, Appellant argues the State violated his right to a speedy trial, pursuant to R.C. 2945.71.
 {¶ 17} Appellant was arrested and served with the warrant and complaint on April 7, 2005. Pursuant to R.C. 2945.71 the State had 270 days to bring Appellant to trial, or until January 2, 2006. Appellant asserts the record demonstrates there were no requests or continuances or tolling of time prior to January 2, 2006.
 {¶ 18} As noted in the statement of the facts and case, supra, Appellant entered a plea of guilty to aggravated robbery in the Ashland County Court of Common Pleas and was incarcerated in the Ohio prison system on June 27, 2005. While being detained in the Ashland County Jail Appellant was served with a warrant and complaint pertaining to the aggravated robbery charge in Richland County on April 7, 2005. We find the speedy trial time limits commenced on that date pursuant toState v. Azbell (2006), 112 Ohio St.3d 300. An indictment was not served on Appellant until he was arraigned on the Richland County charge on September 13, 2005. At the arraignment, Appellant entered a plea of not guilty to the charges.
 {¶ 19} Accordingly, eighty-one days elapsed from April 7, 2005 until Appellant was admitted into the Ohio prison system on June 27, 2005 on the Ashland conviction.
 {¶ 20} R.C. 2941.401 provides:
 {¶ 21} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty *Page 6 
days after he causes to be delivered to the prosecuting attorney and theappropriate court in which the matter is pending, written notice of theplace of his imprisonment and a request for a final disposition to bemade of the matter, except that for good cause shown in open court, withthe prisoner or his counsel present, the court may grant any necessaryor reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner." (Emphasis added.)
 {¶ 22} Further, R.C. 2945.72, provides in pertinent part:
 {¶ 23} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 24} "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;"
 {¶ 25} While acknowledging his failure to comply with the requirements of R.C. 2941.401, Appellant argues the State knew of his incarceration in a state penal institution, as evidenced by an order to convey on September 13, 2005.
 {¶ 26} In State v. Hairston (2004), 101 Ohio St.3d 308, the Ohio Supreme Court held: *Page 7 
 {¶ 27} "This statute is not ambiguous. Far from requiring the state to exercise reasonable diligence to locate an incarcerated defendant, R.C.2941.401 places the initial duty on the defendant to cause written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition; the statute imposes no duty on the state until such time as the incarcerated defendant provides the statutory notice. Further, a warden or prison superintendent has a duty to inform the incarcerated defendant of charges only when the warden or superintendent has knowledge of such charges.
 {¶ 28} "In applying the provisions of this statute to this case, as required by Sears v. Weimer, supra, we recognize that Hairston never caused the requisite notice of imprisonment and request for final disposition to be delivered to either the prosecuting attorney or the court; therefore, he never triggered the process to cause him to be brought to trial within 180 days of his notice and request. Further, the facts reveal that the warden had no knowledge of any of the charges pending against him.
 {¶ 29} "Hairston, however, seeks to have us read a duty of reasonable diligence into the statute; to accept his interpretation, "this court must read into the statute language that does not exist." MiddleburgHts. v. Ohio Bd. of Bldg. Standards (1992), 65 Ohio St.3d 510, 514,605 N.E.2d 66. We decline to do so. Had the legislature wanted to impose such a duty on the state in similar cases, it could have done so. As our task is to apply unambiguous laws and not rewrite them, we decline to impose duties on prosecutors or courts not imposed by the legislature."
 {¶ 30} Based upon the above, Appellant's speedy trial rights were not violated as Appellant had an affirmative duty which he failed to meet. Having failed to invoke R.C. *Page 8 2941.401, the time Appellant was held on the Ashland County charge does not count toward the 270 day limit because he was unavailable pursuant to R.C. 2945.72(A).
 {¶ 31} Accordingly, Appellant's first assignment of error is overruled.
 SUPP. I {¶ 32} In the supplemental assignments of error, Appellant initially argues the trial court erred in imposing a sentence based upon the belief Appellant threatened to kill the store clerk at the time of the robbery.
 {¶ 33} Appellant cites R.C. 2929.12(C) which the trial court is to consider in determining whether the offender's conduct was less serious than conduct normally constituting the offense. It reads "In committing the offense, the offender did not cause or expect to cause physical harm to any person or property."'
 {¶ 34} Appellant cites the following exchange during the sentencing hearing:
 {¶ 35} "The Court: No. No. All that given, what do you think the penalty ought to be for sticking this gun in this young woman's face and saying he's going to kill her? What do you think the penalty ought to be? If you were the victim.
 {¶ 36} "Ms. Stapleton: Did he say that he was going to kill her?
 {¶ 37} "The Court: She believed he was going to kill her. He said he would.
 {¶ 38} "Ms. Stapleton: Like I said, I don't think he had any intention on hurting anybody. I know that he did go into the bank, and obviously that's something —
 {¶ 39} "The Court: Place yourself in the place of the victim in this matter. What do you think —
 {¶ 40} "Ms. Stapleton: I would be scared, yes, if somebody came in and — *Page 9 
 {¶ 41} "The Court: But you're not answering my question. What do you think the penalty ought to be?
 {¶ 42} "Ms. Stapleton: Time served, I guess, but I think that all things prior to this that he has said and I have said should be taken into consideration, that he should have some kind of evaluation and help. And I don't think he was in his right mind at all."
 {¶ 43} Tr. at 162.
 {¶ 44} Appellant asserts the exchange at the sentencing hearing indicates the trial court found the victim believed Appellant was going to kill her, and erroneously, the Appellant verbally had told her so, which increased the seriousness of the offense, impacting the sentence imposed.
 {¶ 45} Upon review of the exchange set forth above, while the trial court may have mischaracterized Appellants statements, the discussion in its entirety demonstrates the court properly considered the incident as to what the victim believed was Appellant's intent based upon his actions.
 {¶ 46} Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. SeeState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856;State v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Instead, the trial court is vested with discretion to impose a prison term within the statutory range.
 {¶ 47} Upon review of the record, the sentence imposed was in accordance with the Ohio Supreme Court holding in Foster and Ohio's sentencing statutes. The trial court had full discretion in sentencing Appellant within the statutory range, and the sentence imposed fell within the statutory range for the offense. The trial court *Page 10 
conducted a pre-sentence investigation, and Appellant had a criminal history for the same offense.
 {¶ 48} Accordingly, Appellant's first supplemental assignment of error is overruled.
 SUPP. II {¶ 49} In the second supplemental assignment of error, Appellant argues the trial court abused its discretion in failing to refer Appellant for a psychiatric examination.
 {¶ 50} Appellant cites R.C. 2929.12, arguing the trial court was required to consider mitigating grounds. Appellant argues there were several indications Appellant suffered from mental illness, including his behavior while committing the offense.
 {¶ 51} Although conceding he failed to cooperate with the first examination ordered by the trial court, Appellant argues the trial court should have re-referred him to psychiatric evaluation after he failed to cooperate or should have instituted a reasonable period of psychiatric observation prior to sentencing due to Appellant's bipolar disorder.
 {¶ 52} Ohio Revised Code Section 2947.06(B) states:
 {¶ 53} "(B) The court may appoint not more than two psychologists or psychiatrists to make any reports concerning the defendant that the court requires for the purpose of determining the disposition of the case. Each psychologist or psychiatrist shall receive a fee to be fixed by the court and taxed in the costs of the case. The psychologist's or psychiatrist's reports shall be made in writing, in open court, and in the presence of the defendant, except in misdemeanor cases in which sentence may be pronounced in the absence of the defendant. A copy of each report of a psychologist or psychiatrist may be furnished to the defendant, if present, who may examine the *Page 11 
persons making the report, under oath, as to any matter or thing contained in the report." (Emphasis added).
 {¶ 54} Initially, we note, the statute vests the trial court with discretion in appointing a psychologist or psychiatrist. Further, there is no evidence apart from Appellant's own self-serving statement with regard to his bipolar medications prior to the initial court-ordered psychological examination. Neither was there evidence introduced as to Appellant's mental illness or his inability to control his impulses at the time of the crime. Rather, the testimony introduced at trial establishes Appellant committed the crimes to obtain money to purchase drugs. The evidence at trial established Appellant had a history of drug addiction. Further, the record does not demonstrate Appellant was impaired due to mental illness at the time he changed his plea or at sentencing.
 {¶ 55} Upon review, the trial court had ample evidence demonstrating Appellant's history. The trial court ordered Appellant to be examined by Dr. Michael Patton, who previously examined and treated Appellant while he was incarcerated in Ashland County. Appellant failed to cooperate with the court ordered examination, but the trial court had an opportunity to examine the report prepared by Dr. Patton in Ashland County. Finally, the trial court had a pre-sentence investigation report prepared, detailing Appellant's history of incarceration and drug abuse.
 {¶ 56} Accordingly, the trial court did not abuse its discretion in failing to order Appellant to submit to a second psychological examination.
 {¶ 57} Appellant's second supplemental assignment of error is overruled. *Page 12 
 SUPP. III {¶ 58} In the third supplemental assignment of error, Appellant argues the prosecuting attorney's misconduct at the sentencing hearing denied his right to due process.
 {¶ 59} Specifically, Appellant cites the following remarks at the sentencing hearing:
 {¶ 60} "Mr. Boyd: Your Honor, I believe basically everything that can be said has been said. I'll just again point to the fact that this Defendant is a walking contradiction. He states that he takes full responsibility for his actions and he's sorry. At the very same time he blames drugs, blames the State of Ohio. In open court during recesses he would curse at the prosecuting attorneys. He stated admissions to the fact that he did, in fact, admit these crimes in court during recesses.
 {¶ 61} "He continued to have a bench trial, which brings us to another contradiction. He's asked that you waive court costs. Yet nonetheless, he did go through an entire day of bench trial, and the evidence was overwhelming. He's going to continue to spend taxpayers dollars as he continues to appeal this case and enter a plea of no contest and he had already begun the appeal process prematurely by filing motions that in my opinion are frivolous and will ultimately be denied.
 {¶ 62} "He committed brazen acts. He did it in a course of conduct. He committed many criminal actions in a course of conduct through a period of 48 hours or so. He was placed in a position of trust. Stole firearms from family members, one being his father, another his brother-in-law. And he took those firearms and robbed somebody at gunpoint and shot himself in the process, and the very next day robbed a bank. *Page 13 
 {¶ 63} "Your Honor, this Defendant is a danger to law enforcement. He has stated that he will go out in a blaze of glory. He has expressed desire to take other law enforcement officers with him. He is a danger to himself, to society. Every bit of that 40 years consecutive to the time that he's doing out of Ashland would be completely just in this case. But ultimately it is up to your decision. I believe that the most recent course of events, denial of taking a forensic evaluation, shows that he does not take his actions seriously, nor does he take his (inaudible). For those reasons, the State would ask he be given the maximum consecutive sentence."
 {¶ 64} Tr. at 163-164.
 {¶ 65} Upon review of the record, while a few of the remarks made by the prosecutor at the sentencing hearing may have been inappropriate, Appellant has not demonstrated prejudice as a result of the comments. As set forth in our analysis and disposition of Appellant's first supplemental assignment of error, the trial court properly exercised its discretion in sentencing Appellant according to the statutory factors and within the statutory range set forth for the offense.
 {¶ 66} The third supplemental assignment of error is overruled.
 SUPP. IV. {¶ 67} In the fourth supplemental assignment of error, Appellant argues trial counsel was ineffective in representing a client with mental illness
 {¶ 68} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we *Page 14 
must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. at 141-142. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v.Sallie, 81 Ohio St.3d 673, 675, 1998-Ohio-343, 693 N.E.2d 267.
 {¶ 69} Specifically, Appellant argues counsel was delayed in moving the trial court for his own motion for a psychiatric examination, and the failure to promptly discover, investigate, monitor and develop evidence related to Appellant's mental illness had an impact upon the sentence imposed.
 {¶ 70} As discussed in our disposition of Appellant's second supplemental assignment of error, the record does not affirmatively demonstrate Appellant was suffering from mental illness at the time of the offense or at the time he changed his plea or at sentencing. Accordingly, Appellant has failed to meet the second prong ofStrickland in demonstrating prejudice. *Page 15 
 {¶ 71} The fourth supplemental assignment of error is overruled.
 By: Hoffman, P.J. Farmer, J. and Delaney, J. concur *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1