OPINION *Page 2 
{¶ 1} Plaintiff-appellant State of Ohio appeals the decision of the Mahoning County Common Pleas Court dismissing the indictment against defendant-appellee Kenneth Miller. The trial court provided two reasons for dismissing the indictment: 1) the speedy trial time had expired; and 2) the dismissal was a penalty against the state because the assistant prosecutor assigned to the case failed to appear on the day of trial. Two issues are raised in this appeal. One, did the trial court commit error when it determined that the speedy trial time had expired? Two, did the trial court abuse its discretion when it dismissed the indictment as a penalty? For the reasons expressed below, we find that the speedy trial time had not run when the trial court dismissed the indictment. Also, the trial court abused its discretion by dismissing the indictment as a penalty against the state. The judgment of the trial court is reversed and the case is remanded for further proceedings.
 STATEMENT OF FACTS {¶ 2} Given the issues presented to this court, specifically the speedy trial issue, the statement of facts does not go into an in depth presentation of the date of every filing. Rather, as those dates will be discussed at length in the first assignment of error, the statement of facts is merely a quick overview of the progression of the case. We do so to avoid unnecessary repetition.
 {¶ 3} In a complaint filed in Youngstown Municipal Court, Lillian Rosada alleged that Miller, on or about April 23, 2007, inflicted or threatened to inflict physical harm while robbing her, a violation of R.C. 2911.02(A)(2). On May 17, 2007, Miller appeared in Youngstown Municipal Court for his initial appearance, bond was set and a preliminary hearing was scheduled. Following the preliminary hearing, the matter was bound over to the Mahoning County Grand Jury for further proceedings.
 {¶ 4} The Mahoning County Grand Jury issued an indictment on June 14, 2007. It indicted Miller for robbery, a violation of R.C. 2911.02(A)(2), a second degree felony; felonious assault, a violation of R.C. 2903.11(A)(2), a second degree felony; and domestic violence, a violation of R.C. 2919.25(A), a first degree misdemeanor. The indictment indicated that Lillian Rosada was the alleged victim of these crimes and that the crimes occurred on May 16, 2007. *Page 3 
 {¶ 5} On June 25, 2007, Miller entered a not guilty plea, counsel was appointed and bond was continued. Discovery then occurred and after multiple pretrials and delays, trial was set for November 13, 2007.
 {¶ 6} On the day of trial, Assistant Prosecutor Natasha Frenchko, assigned to the case, failed to appear. In her stead, Assistant Prosecutor Gina Arnaut appeared and requested a continuance. (Tr. 3). Through a dialog, the court discovered that Attorney Frenchko was not engaged in another trial, but that she was at a "SANE nurse meeting." (Tr. 6). Defense counsel then asked that either the case proceed to trial or be dismissed. (Tr. 7).
 {¶ 7} The trial court denied the state's continuance motion and granted Miller's motion to dismiss. The court determined that the speedy trial time had expired and found that given Assistant Prosecutor Frenchko's conduct, the state failed to prosecute.
 {¶ 8} The decision granting the motion to dismiss was journalized on November 14, 2007. The state appeals from that decision.
 FIRST ASSIGNMENT OF ERROR {¶ 9} "ASSUMING THAT THE TRIAL COURT DISMISSED ON SPEEDY TRIAL GROUNDS, THE TRIAL COURT HAD NEITHER COMPETENT NOR CREDIBLE EVIDENCE IN SUPPORT OF ITS DISMISSAL."
 {¶ 10} Miller was charged with two first degree felonies and one first degree misdemeanor. Thus, Miller had to be brought to trial within 270 days of his arrest. R.C. 2945.71(C)(2) and (D). However, each day the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. R.C. 2945.71(E).
 {¶ 11} The trial court indicated during the November 13, 2007 hearing that Miller was arrested on April 23, 2007. (Tr. 3). The trial court dismissed the indictment on November 14, 2007. From arrest to dismissal this is an elapse of 205 days. Thus, even without considering any tolling events attributable to Miller, the 270 days had not elapsed. However, the trial court applied the triple count provision and thus, Miller was required to be brought to trial within 90 days of his arrest.
 {¶ 12} The state finds fault with two of the trial court's findings. First, it disagrees that the date of arrest was April 23, 2007. Secondly, it disagrees with the application of the triple count provision. *Page 4 
 {¶ 13} We begin with the arrest date. A complaint was filed in Youngstown Municipal Court wherein the alleged victim, Lillian Rosada, accused Miller of robbing her (a violation of R.C. 2911.02(A)(2) on April 23, 2007. The municipal court records indicate that a warrant was issued for Miller's arrest and that on May 17, 2007 the warrant was returned. With that information it can be concluded that an arrest occurred sometime between April 23 and May 17. But, as to the exact date, the municipal court records are not specific.
 {¶ 14} However, the parties, by stipulation, have supplemented the record with the arrest report. (Stipulated Supplement to the Record Exhibit A). This report indicates that Miller was arrested on May 16, 2007 at 150 High Street, Warren. The report further indicates that the "[a]bove docket was arrested on above date, time, and location for a capias signed by a judge of and issued through the youngstown muni [sic] court case #07cr1515ay for robbery." That case number is the same case number assigned to the Rosada complaint for Miller's conduct that occurred on or about April 23, 2007.
 {¶ 15} Therefore, given the arrest report, the date of arrest was May 16, 2007, not April 23, 2007. Consequently, the state is correct that the trial court, when computing speedy trial time, did not start at the appropriate date.
 {¶ 16} Having determined the arrest date, we now move to the question of whether the triple count provision is applicable to Miller. The triple count provision applies only to defendants held in lieu of bail solely on the pending charge. State v. Brown (1992), 64 Ohio St.3d 476,479. The state contends that Exhibits B and C of the stipulated supplement to the record prove that the triple count provision is inapplicable.
 {¶ 17} Exhibits B and C are a sentencing journal entry from Trumbull County. It states that in January 2007, the Trumbull County Grand Jury indicted Miller for possession of cocaine, a fifth degree felony. On May 10, 2007, he entered a guilty plea and was sentenced to six months in Lorain Correctional Institution.
 {¶ 18} Therefore, at the time of Miller's arrest in the underlying action, he was not being held in jail in lieu of bail. Thus, the triple count provision would not apply. State v. Thompson, 2d Dist. No. 20114,2004-Ohio-1320, ¶ 38-51. "Defendants are no longer jailed `in lieu of bail' after being committed to prison, because they no longer *Page 5 
have the ability to post bond or to be released on bond." Id. at ¶ 51. See, also, State v. MacDonald (1976), 48 Ohio St.2d 66; State v.Collins (1993), 91 Ohio App.3d 10, 16.
 {¶ 19} Yet, once Miller completed his sentence from Trumbull County, the triple count provision would apply. Nothing in the record indicates that after the Trumbull County sentence was completed, Miller was being held on any other charges. Therefore, when that sentence was completed, he was being held in jail in lieu of bail.
 {¶ 20} This raises the question of when his six month sentence expired. The record has little indication when that sentence was completed. The Trumbull County judgment stated that Miller received six months and was given credit for three days in February 2007 and received credit "from April 25, 2007 to date." Given that, 180 days would expire sometime in mid-October 2007.
 {¶ 21} However, this court cannot ascertain exactly when his prison term ended. The problem is that it is unclear from the record whether Miller was in custody from April 25, 2007 until May 16, 2007. As aforementioned, the Municipal Court complaint states that Miller allegedly robbed Rosada on April 23, 2007. However, the grand jury indicted Miller for committing robbery, felonious assault and domestic violence against Rosada on May 16, 2007. As can be seen, the grand jury's indictment and the complaint filed in Municipal Court differ on the date the alleged crimes occurred. Furthermore, the Trumbull County sentencing entry shows that on May 10, 2007, Miller was sentenced to serve six months in Lorain Correctional Institution. This presents a confusing picture. If Miller was able to commit the crime of robbery in Mahoning County on May 16, 2007, he could not have been in custody. Yet, on the other hand, he was in Trumbull County Common Pleas Court on May 10, 2007 and was sentenced to a six month sentence on a fifth degree felony. There is no indication in that entry that he was released from custody on that date and told to report on a different date to start serving his sentence.
 {¶ 22} Regardless of the confusion and that we lack knowledge of when his sentence was completed, given the number of tolling events that are attributable to Miller, we can still determine whether his speedy trial rights were violated. Thus, we now turn to the computation of speedy trial time.
 {¶ 23} The arrest date does not count against the state for purposes of speedy trial time calculations. State v. Stamps (1998),127 Ohio App.3d 219, 223. Since Miller was arrested on May 16, 2007, speedy trial time started to run on May 17, 2006. *Page 6 
 {¶ 24} On July 3, 2007, a pretrial occurred and trial was set for July 23, 2007. That same day, Miller requested and received discovery. This request was answered simultaneously and, as such, did not necessitate a delay. The speedy trial time did not toll at that point. Yet, on July 13, 2007, Miller requested a transcript of the preliminary hearing to be transcribed at state's expense. That motion was granted on July 18, 2007. Miller's motion necessitated delay pursuant to R.C. 2945.72(E) and tolled the speedy trial time. State v. Crayton, 8th Dist. No. 81257, 2003-Ohio-2299, ¶ 14. From the date of arrest until July 13, 2007, the tolling event, 57 days elapsed.
 {¶ 25} The record reveals that an invoice for the preliminary hearing transcript was filed on September 11, 2007. Time remained tolled until that date. But, there were other tolling events that occurred during that time. On July 23, 2007, a pretrial occurred. At the pretrial, defense counsel orally moved to withdraw as counsel. That is a tolling event. R.C. 2945.72(C). New counsel was appointed on July 30, 2007. Then, on August 13, 2007, Miller moved to continue the trial that was set for that day. The trial was reset for August 27, 2007. Before that date, Miller requested another continuance. The motion was granted and trial was set for September 24, 2007. Miller's counsel, however, was scheduled to be out of town on that date, so he once against requested a new trial date. The trial was rescheduled for October 15, 2007. Thus, even though the preliminary hearing transcript was filed by this date, the speedy trial time remained tolled.
 {¶ 26} The speedy trial time remained tolled even after October 15, 2007 because the trial court was unavailable. The trial court already had scheduled another trial for October 15, 2007, therefore, it continued the trial and set a final pretrial for October 29, 2007. The October 29, 2007 pretrial occurred without a continuance. So, as can be seen, from July 13, 2007 until October 29, 2007 the speedy trial time was tolled due to motions and continuances.
 {¶ 27} At the October 29, 2007 pretrial, a November 5, 2007 trial date was set. However, on November 1, 2007, the defense filed a motion for continuance.
 {¶ 28} Thus, from October 29, 2007 until November 1, 2007, two days elapsed that counted for speedy trial. If Miller had completed his sentence by this point and he was being held solely for the pending charges, the triple count provision may apply to those two days rendering them equivalent to six days. *Page 7 
 {¶ 29} On November 6, 2007, the trial court sustained the motion for continuance and set the trial date for November 13, 2007. On November 13, 2007, the case was dismissed when the assistant prosecutor failed to appear. Thus, under R.C. 2945.71 et seq., the speedy trial time had not run when the trial court dismissed the indictment.
 {¶ 30} Furthermore, we must note that R.C. 2945.71 et seq. may not solely apply to the time in this situation. As stated above, on May 10, 2007, Miller was sentenced to a term of incarceration in Lorain Correctional Institution, a correctional institution of the State of Ohio. Thus, R.C. 2941.401 in combination with R.C. 2945.71 et seq. may apply.
 {¶ 31} R.C. 2941.401 governs the time within which the state must bring an incarcerated defendant to trial. State v. Massie, 5th Dist No. 06CA109, 2008-Ohio-1848; State v. Beverly, 4th Dist. No. 04CA2809,2005-Ohio-4954, ¶ 7, citing State v. Logan (1991), 71 Ohio App.3d 292,296 (stating that R.C. 2941.401 applies to criminal defendants who are imprisoned on other charges; State v. Green (June 10, 1998), 4th Dist. No. 97CA2308 (stating that "Ohio law is clear that whenever a criminal defendant is serving a term of imprisonment, R.C. 2941.401 must be applied to determine the defendant's speedy trial rights"); State v.Fox (Oct. 22, 1992), 8th Dist. No. 63100 (stating that "[i]f a defendant is incarcerated, R.C. 2941.401 governs the time within which the state must bring him or her to trial"). The state has 180 days to bring a prisoner to trial after the prisoner sends notice to the prosecuting attorney and court of his place of imprisonment and requests final disposition of the untried indictment. R.C. 2941.401. This statute also contains a duty on the warden of the institution where the prisoner is serving to inform the prisoner of the contents of the untried indictment and of the prisoner's right to request final disposition of that indictment. R.C. 2941.401.
 {¶ 32} The record is devoid of any indication that a warden or superintendent or jailer informed Miller of the untried indictment against him. But the record reflects that Miller knew of the charges. That fact changes the rule of law requiring notice. When an offender clearly knew he had been charged, and yet failed to file the required written notice, the 180 day speedy trial time does not begin to run.State v. Parrish, 4th Dist. No. 06CA52, 2007-Ohio-7169, ¶ 9-10. It does not matter that the institution failed to provide notice of the indicted charges. Id. at ¶ 9-10, citing State v. Hairston, 101 Ohio St.3d 308,2004-Ohio-969. *Page 8 
 {¶ 33} As a result, since Miller was serving a term of imprisonment while there was an untried indictment and there was no requirement of notice since Miller already knew of the charges, R.C. 2941.401 may apply to him. If that statute is applicable, then Miller was required to request final disposition by sending notice to the prosecutor and the court. Miller did not do that, thus, his speedy trial time did not begin to run under R.C. 2941.401.
 {¶ 34} If R.C. 2941.401 is applicable, then speedy trial time used is even less than the possible 63 days computed under R.C. 2945.71 et seq. At the time of his arrest, Miller was already sentenced to the six month term of incarceration and possibly began serving that term. Therefore, Miller never requested final disposition for the indictment pursuant to R.C. 2941.401, the speedy trial time did not begin to run. However, when he finished serving his sentence for the Trumbull County case, R.C. 2941.401's 180 day speedy trial time and its duty on the prisoner to request final disposition would no longer apply. Rather, the speedy trial rights of R.C. 2945.71 et seq. would apply. State v. Beverly, 4th Dist. No. 04CA2809, 2005-Ohio-4954, ¶ 8 (explained that the language of R.C. 2941.401 that states "when during the continuance of the term of imprisonment" means that R.C. 2941.401 is only applicable when an offender is serving a term of imprisonment. When the status changes that necessitates the application of the general speedy trial statute.) Thus, the computation of speedy trial time would not start until the expiration of the six month sentence.
 {¶ 35} Here, as aforementioned, it is unclear when Miller stopped serving the sentence from Trumbull County. Regardless, as explained earlier, under R.C. 2945.71 et seq. the speedy trial time was tolled from July 13, 2007 to October 29, 2007 due to continuances and delays attributable to Miller. It was again tolled on November 1, 2007, because Miller requested a continuance. This is a lapse of two days. If the six month term of incarceration had expired by that point and Miller was being held solely on the pending charges, the triple count provision would apply to those two days.
 {¶ 36} The trial court granted the November 1, 2007 motion for a continuance and reset the trial for November 13, 2007. The indictment was dismissed on November 14, 2007.
 {¶ 37} Thus, as can be seen under a combined R.C. 2941.401 and R.C. 2945.71 et seq. analysis, clearly the speedy trial time had not run. As such, if *Page 9 
R.C. 2941.401 is applicable, the trial court committed error by dismissing based on speedy trial.
 {¶ 38} In conclusion, under any computation of speedy trial rights, R.C. 2945.71 et seq. or R.C. 2941.401, the speedy trial time had not expired. The trial court erred in dismissing the indictment on this basis. This assignment of error has merit.
 SECOND ASSIGNMENT OF ERROR {¶ 39} "ASSUMING THAT THE TRIAL COURT DISMISSED AS A PENALTY TO THE STATE, THE TRIAL COURT ABUSED ITS DISCRETION IN DOING SO."
 {¶ 40} The state contends that the trial court's dismissal, if it was for purposes of a penalty, was an abuse of discretion. It is correct that we review the trial court's decision under an abuse of discretion standard of review. State v. Walton, 8th Dist. No. 87347,2006-Ohio-4771, ¶ 4; State v. Daugherty, 5th Dist. No. 05COA-007,2005-Ohio-5637, ¶ 10-11.
 {¶ 41} We are directed by the state to Crim. R. 48 for support of its position that the trial court abused its discretion. Crim. R. 48 governs the procedure for the dismissal of a criminal case by either the state or the court. Section B provides that "[i]f the court over the objection of the state dismisses an indictment, information or complaint, it shall state on the record its findings of fact and reasons for the dismissal".
 {¶ 42} The Eighth Appellate District has held that Crim. R. 48(B) does not provide for a dismissal with prejudice. Walton, 8th Dist. No. 87347,2006-Ohio-4471, ¶ 5. Dismissals with prejudice are within the inherent power of the court "only where it is apparent that the defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution." Id. quoting City of Fairview Park v.Fleming (Dec. 7, 2000) 8th Dist. Nos. 77323 and 77324.
 {¶ 43} Here, the judgment entry stated that "Defendant's oral Motion to Dismiss is sustained." It does not indicate with or without prejudice. Without an indication of "with prejudice" it is presumed that the indictment was dismissed without prejudice. This is especially the case since we have not found any speedy trial violation that would bar prosecution.
 {¶ 44} While the judgment entry does not give reasons for the dismissal, the trial court expressed its reason for doing so at the November 13, 2007 hearing. The trial court stated that the first reason for dismissal was speedy trial and the second reason was the "actions of the assistant prosecutor for Mahoning County in completely *Page 10 
disregarding the notice of jury schedule and trial in this case." (Tr. 10). In addition to that, the following colloquy occurred between the court and the state:
 {¶ 45} "Ms. Arnaut: On Friday, I believe it was November 9th, I did tell Natasha Frenchko that this case I did notice was on the schedule for this morning. I did tell her it was set, and that was on Friday. This morning walking into court, I received a phone call asking if I would come over to court and request a continuance on their behalf.
 {¶ 46} "* * *
 {¶ 47} "The Court: On November 5th of 2007, my office left a voice mail with Attorney Frenchko advising her that the matter was reset to today, November 13th. On November 9th of 2007 my office left a voice mail with Attorney Frenchko advising her that the questionnaires for the jury were ready. And today I learn that Attorney Frenchko, although having been given those messages, has the audacity not to appear herself ready to proceed on a case in which the defendant sits in the Mahoning County Justice Center ready to proceed this morning. And I assume counsel and the defendant are ready to proceed this morning?" (Tr. 3-6).
 {¶ 48} The above constitutes reasons and findings on the record.City of Columbus v. Storey, 10th Dist. No. 03AP-743, 2004-Ohio-3377, ¶ 9
(finding that reasons and findings for dismissal can be gleaned from the transcript of the colloquy between the court and counsel). Given those reasons, we must now determine whether the trial court abused its discretion in dismissing an indictment as a penalty against the state for failure to prosecute.
 {¶ 49} The seminal Ohio Supreme Court case on Crim. R. 48(B) isState v. Busch (1996), 76 Ohio St.3d 613. In Busch, the Ohio Supreme Court stated that Crim. R. 48(B) "does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim. R. 48(B) if a dismissal serves the interest of justice." Id. at 615. The Court went on to list factors that can be considered in domestic violence cases for determining whether the trial court abused its discretion. Id. at 616. Of course, those factors are inapplicable here since they deal specifically with a complaining witness in a domestic violence case requesting dismissal of the charges. Yet, the Tenth Appellate District has given some guidance of what to consider in a failure to prosecute case, like the one before us.Storey, 10th Dist. No. 03AP-743, 2004-Ohio-3377. In Storey, it found that a trial court's dismissal for failure to prosecute was not an abuse of discretion. It explained: *Page 11 
 {¶ 50} "* * * Therefore, in essence, the trial court dismissed the case for want of prosecution. These findings and reasons for the dismissal are minimally sufficient to comply with Crim. R. 48(B).
 {¶ 51} "* * *
 {¶ 52} "Here, we fail to see how the trial court's dismissal of the case constituted an abuse of discretion under these circumstances. It was apparent that the city was not prepared to proceed with trial in the absence of its identification witnesses. The assistant prosecutor did not express a desire or ability to proceed immediately with the case against appellee. The assistant prosecutor did not request a continuance of the trial date. Although it appears the assistant prosecutor began to explore the possibility of a short postponement, he did not directly request a postponement. Nor was it clear how much time would have been needed to get the identification witnesses to the courtroom. It should also be noted that this case had been scheduled for trial once before. Accordingly, given that the trial court has the `inherent power to regulate the practice before it and protect the integrity of its proceedings,' Busch, supra, at 615, 669 N.E.2d 1125, citing RoyalIndemn. Co. v. J.C. Penney Co., Inc. (1986), 27 Ohio St.3d 31, 33-34,501 N.E.2d 617, we conclude that the trial court's dismissal of the case does not constitute an abuse of discretion when the city was unable to proceed with its case." Storey, 10th Dist. No. 03AP-743, 2004-Ohio-3377, ¶ 9, 15. See, also, State v. Congrove, 10th Dist. No. 06AP-1129,2007-Ohio-3323, ¶ 15.
 {¶ 53} We agree with our sister district's reasoning and apply it to the instant facts. Here, the state appeared on the day of trial. While it was not the assigned prosecutor, a prosecutor did appear. Mahoning County has multiple prosecutors working for it and as long as one prosecutor appeared, the case could have proceeded. Furthermore, the state requested a continuance. This was its first request for a continuance in comparison to the multiple continuances requested by Miller. And most importantly, the record is devoid of any indication from the state that it could not go forward on the day of trial. Assistant Prosecutor Arnaut was willing to substitute for Assistant Prosecutor Frenchko. These facts indicate that the trial court abused its discretion when it penalized the state by dismissing the indictment. This assignment of error has merit.
 CONCLUSION *Page 12 {¶ 54} For the foregoing reasons, the judgment of the trial court is hereby reversed. Under any computation of speedy trial rights (R.C. 2945.71 et seq. or R.C. 2941.401), the speedy trial time had not expired. Furthermore, the trial court abused its discretion by dismissing the indictment as a penalty for failure to prosecute. The case is remanded to the trial court for further proceedings according to law and consistent with this Court's opinion.
DeGenaro, P.J., concurs.
 Waite, J., concurs. *Page 1